IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |  |
|---|---|---|
| CURTIS KEITH COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civ. No. 12-00230 ACK-BMK |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
FOR LACK OF JURISDICTION**

**I.  PROCEDURAL BACKGROUND**

This case arises out of Curtis Keith Cooper's

("Plaintiff") Petition for Declaratory Relief, pursuant to which

he seeks a declaration from the Court that he is not liable or

responsible to Michael J. Astrue ("Defendant"), Commissioner of

the Social Security Administration (the "SSA"), for reimbursement

of benefits paid to him between his sentencing date and the date

of his "self surrender."  (Doc. No. 1 at 2-3, hereinafter the

"Complaint.")

On July 19, 2012, Defendant filed a Motion to Dismiss for Lack of Jurisdiction. (Doc. No. 10, hereinafter the "Motion to Dismiss.") Plaintiff filed an untimely response on August 13, 2012.[1/] (Doc. No. 12, hereinafter the "Opposition.") Subsequently, on August 20, 2012, Respondent filed an untimely Reply in support of its Motion to Dismiss. (Doc. No. 13, hereinafter the "Reply.")

The Court held a hearing on Defendant's Motion to Dismiss on August 30, 2012.[2/]

## II.  FACTUAL BACKGROUND[3/]

On December 7, 2009, Plaintiff was charged and indicted and a GPS monitoring system was placed on Plaintiff's person.

---

[1/] Pursuant to Local Rule 7.4, "An opposition to a motion set for hearing shall be served and filed not less than twenty-one (21) days prior to the date of hearing." Defendant's reply was also untimely pursuant to Local Rule 7.4: "Any reply in support of a motion set for hearing shall be served and filed by the moving party not less than fourteen (14) days prior to the date of hearing." Nevertheless, the Court will entertain the arguments contained in these untimely filings from both Plaintiff and Defendant.

[2/] Following the hearing, on August 30, 2012, counsel for Defendant filed two unsolicited motions with the Court. (See Doc. Nos. 14, 16.) The Court notes that Defendant had not previously raised the issue of venue. Accordingly, the Court will not consider the issue at this time.

[3/] The facts as recited in this order are for the purpose of disposing of this motion and are not to be construed as findings of fact that the parties may rely on in future proceedings in this case.

(Compl. at 1.) During his Pre-Trial Release, Plaintiff continued
to live at home with his wife and provide for their living
expenses and subsistence in part through the benefits received
from the SSA. Id. Plaintiff pled guilty and was sentenced on
October 13, 2010, and then reported to the Federal Correctional
Institution ("FCI") on January 7, 2011 to begin serving his
sentence. Id. at 3. Plaintiff is currently incarcerated at
FCI. Id. During Plaintiff's incarceration, the SSA continued to
make payments to Plaintiff for approximately six months, until
July 2011, at which point all such payments ceased. Id.

    Immediately following his sentencing, Plaintiff
notified the Kauai SSA office of his pending custodial sentence
and his "self surrender date" of January 7, 2011. Id. Although
the Kauai SSA office initially had informed Plaintiff that his
social security benefits would cease effective October 13, 2010,
the date of his sentencing, Plaintiff appealed that finding and
ultimately was awarded benefits for the period of time between
the date of his sentencing and the date of his self surrender.
Id. However, the SSA erroneously continued to issue benefits to
Plaintiff following his self surrender date, up until July 2011.
Id. At that time, the SSA, through its office in Richmond,
California, then ordered Plaintiff to reimburse the SSA for
benefits received between October 13, 2010 and July 2011. Id.

Plaintiff named his wife, Marlene Cooper ("Mrs. Cooper"), who is 77 years old, as his representative while he was incarcerated. Id. Plaintiff alleges that Mrs. Cooper had previously tendered the full reimbursement sought by SSA but the offer was rejected as unacceptable because Mrs. Cooper had not yet been Plaintiff's "named representative" at the time of tender. Id. Mrs. Cooper subsequently called the SSA's Seattle office and was informed that Plaintiff only owed reimbursement from January 7, 2011 through July 2011. Id. In total, Mrs. Cooper, as Plaintiff's "named representative," made four in-person attempts to tender reimbursement to the SSA for benefits received from January 2011 through July 2011. Id. at 4. However, all of these offers allegedly have been refused because they did not include reimbursement for the period from October 2010 through January 2011. Id. In response to these offers, the SSA threatened to begin deducting from Mrs. Cooper's SSA benefits in the amount of $1,000 per month beginning in June 2012. Id.

In a July 12, 2012 letter, Defendant informed Plaintiff that beginning in January 2011, Defendant was stopping the retirement benefits which Plaintiff had received because of his conviction. Id. at Ex. A. In the letter, Defendant stated, "[w]e cannot pay you because you are imprisoned for the conviction of a crime. Even though your benefits will stop, we can pay other members of your family if they are entitled on your

-4-

record." Id.

At this point in time, Plaintiff is retired and will never work again, and he and his wife live on a fixed retirement income. (Compl. at 4.) Moreover, due to Mrs. Cooper's age (77) and health (requiring the services of a daily care-giver), her every day living expenses likely will increase significantly during the term of Plaintiff's incarceration. Id. at 4-5.


### III. STANDARD OF REVIEW

**A.      Motion to Dismiss for Lack of Subject Matter Jurisdiction**

A court's subject matter jurisdiction may be challenged under Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." See Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir.1996).

"Rule 12(b)(1) attacks on jurisdiction can be either facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint. Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Savage

v. Glendale Union High Sch., 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003) (internal citation omitted).

"The requirement that the nonmoving party present evidence outside his pleadings in opposition to a motion to dismiss for lack of subject matter jurisdiction is the same as that required under Rule 56(e) that the nonmoving party to a motion for summary judgment must set forth specific facts, beyond his pleadings, to show that a genuine issue of material fact exists." Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1559 (9th Cir. 1987). When ruling on a jurisdictional motion involving factual issues that also go to the merits, the moving party "'should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" Casumpang v. Int'l Longshoremen's & Warehousemen's Union, 269 F.3d 1042, 1060–61 (9th Cir. 2001) (citation omitted).

B.      Special Considerations for a Pro Se Litigant

A pro se litigant's pleadings must be read more liberally than pleadings drafted by counsel. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004); Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987). When a plaintiff proceeds pro se and technically violates a rule, the court should act with leniency toward the

pro se litigant. <u>Draper v. Coombs</u>, 792 F.2d 915, 924 (9th Cir.
1986); <u>Pembrook v. Wilson</u>, 370 F.2d 37, 39-40 (9th Cir. 1966).
However, "a pro se litigant is not excused from knowing the most
basic pleading requirements." <u>American Ass'n of Naturopathic
Physicians v. Hayhurst</u>, 227 F.3d 1104, 1107-08 (9th Cir. 2000)
(citations omitted).

However, the court may deny a pro se plaintiff leave to
amend where amendment would be futile. <u>Flowers v. First Hawaiian
Bank</u>, 295 F.3d 966, 976 (9th Cir. 2002) (<u>citing</u> <u>Cook, Perkiss &
Liehe, Inc. v. N. Cal. Collection Serv., Inc.</u>, 911 F.2d 242, 247
(9th Cir. 1990) (per curiam)); <u>Lucas v. Dep't of Corr.</u>, 66 F.3d
245, 248-49 (9th Cir. 1995) (per curiam) (holding that dismissal
of a pro se complaint without leave to amend is proper only if it
is clear that the deficiencies cannot be cured by amendment or
after the pro se litigation is given an opportunity to amend);
<u>Eldridge</u>,832 F.2d at 1135-36.


## IV.  DISCUSSION

The issue before the Court is whether the Complaint
should be dismissed for lack of jurisdiction based upon
Plaintiff's failure to exhaust administrative remedies.

In support of its Motion to Dismiss, Defendant presents
a declaration from Robert Weigel, Chief of Court Case Preparation
and Review Branch 1 of the Office of Appellate Operations, Office

of Disability Adjudication and Review, at the SSA. (<u>See</u> Doc. No. 10-1, Decl. of Robert Weigel.)  Mr. Weigel is responsible for processing claims under Title II of the Social Security Act, as amended, when a civil action has been filed in the State of Hawaii.  Weigel Decl. at 2.  The official file maintained by the Office of Disability and Adjudication and Review regarding Plaintiff's claim under Title II of the Social Security Act was in the custody of Mr. Weigel and was examined under his supervision at the time of his declaration.  <u>Id.</u>

Defendant contends that Plaintiff was overpaid $19,833 which has not been recovered.  <u>Id.</u> at 2.  On May 20, 2011, SSA allegedly notified Mrs. Cooper that the SSA may withhold benefits payable on the same Social Security record in order to recover an overpayment.  <u>Id.</u>  Defendant asserts that the notice form it sent to Mrs. Cooper included information on the procedure to file for a waiver of withholding and how to ask for an appeal of the decision.  <u>Id.</u> (citing Weigel Decl. at 2-3).  On February 17, 2012, the SSA notified Mrs. Cooper that it had received her request for review and informed her that issuance of her monthly benefits would resume effective March 2012 during the pendency of the reconsideration of her request.  Weigel Decl. at 3. Subsequently, on May 5, 2012, the SSA notified Mrs. Cooper that it had received her request for a hearing regarding overpayment, but reiterated that Mrs. Cooper was not permitted to file a

request for a hearing while reconsideration of the SSA's earlier decision was still pending.  Id.  Further, the SSA informed Mrs. Cooper that should would receive another notice after reconsideration was complete.  Id.

In its Motion to Dismiss, Defendant presents two central arguments:  (1) Plaintiff has failed to exhaust his administrative remedies; and (2) there is no basis for the Court to waive the exhaustion requirement.  (Mem. in Supp. of Mot. to Dismiss at 2-3.)  The Court considers these issues, as well as Plaintiff's arguments in response, in turn.


**A.  Exhaustion of Administrative Remedies**

In challenging determinations of the SSA, judicial review is only available to a plaintiff after "any final decision of the Commissioner of Social Security made after a hearing." Bass v. Soc. Sec. Admin., 872 F.2d 832, 833 (9th Cir. 1989) (a claimant's failure to exhaust administrative remedies under § 405(g) deprives a district court of jurisdiction).  The relevant statute provides:

>            Any individual, after any final decision of
>            the Commissioner of Social Security made
>            after a hearing to which he was a party,
>            irrespective of the amount in controversy,
>            may obtain a review of such decision by a
>            civil action commenced within sixty days
>            after the mailing to him of notice of such
>            decision or within such further time as the
>            Commissioner of Social Security may allow.
>            Such action shall be brought in the district

> court of the United States for the judicial
> district in which the plaintiff resides, or
> has his principal place of business, or, if
> he does not reside or have his principal
> place of business within any such judicial
> district, in the United States District Court
> for the District of Columbia . . . .

42 U.S.C. § 405(g).

Although the term "final decision" is undefined in the Act, "its meaning is left to the [Commissioner] to flesh out by regulation." Weinberger v. Salfi, 422 U.S. 749, 767 (1975). Pursuant to federal regulations, the administrative review process involves the following steps: (1) a state agency has made an initial adverse determination on the claimant's application for benefits; (2) the claimant has sought reconsideration; (3) the claimant obtains a hearing before an Administrative Law Judge ("ALJ"); and (4) the ALJ's decision becomes final after the claimant requests review before an Appeals Council, and the Appeals Council either grants or denies review. See 20 C.F.R. § 404.900. After the plaintiff has completed these four steps in the administrative review process, the agency is considered to have made its final decision, and the plaintiff may request judicial review by filing an action in a Federal district court. Id.

The exhaustion requirement "serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency." McCarthy v. Madigan, 503 U.S. 140, 45 (1992),

-10-

superceded by statute on other grounds, 42 U.S.C. § 1997e(a).
Further, this requirement embodies the "commonsense notion" that
"an agency ought to have an opportunity to correct its own
mistakes with respect to the programs it administers before it is
hailed into federal court." Id.

The Court observes that Plaintiff's Complaint fails to
allege that any administrative steps have been taken to contest
the SSA's decision regarding the contested overpayment of Social
Security benefits. (Mem. in Supp. of Mot. to Dismiss at 3.)
However, Defendant has alerted the Court that Mrs. Cooper did
request review of the SSA's decision regarding the overpayment, a
request that was still in the process of being reconsidered when
Plaintiff filed the instant civil action. Id. at 8 (citing
Weigel Decl. at 3.) The SSA informed Mrs. Cooper that the agency
was still in the process of reconsidering its overpayment
decision on two separate occasions, first on February 17, 2012
and again on May 5, 2012. Id. Mrs. Cooper was also advised that
she would be notified when the SSA had completed reconsideration
of the decision, at which time she would be permitted to file an
appeal. (Weigel decl. at 2-3.) The instant action was filed in
federal court on April 30, 2012. Id.

In his Opposition, Plaintiff asserts that his
administrative claim was exhausted in December of 2010, but does
not provide any detail to substantiate this claim. (Opp. Mem. at

2.)  Rather, his Opposition focuses on the argument that the
Court should waive the exhaustion requirement, an issue that is
discussed in greater detail below.  In its Reply, Defendant
states that Plaintiff did not, in fact, exhaust his
administrative remedies in December 2010 when he was allegedly
notified that the SSA would recoup overpayments.  (Reply at 2.)
Rather, Defendant contends that Plaintiff failed to show that he
ever appealed the SSA's decision for reconsideration, for review
before an Administrative Law Judge, or from the Appeals Council.
Id. at 2-3.

        The Court concludes that Plaintiff has failed to
establish that he exhausted the administrative remedies prior to
commencing this lawsuit, as required by statute.  Accordingly,
the Court now considers whether there are grounds to waive this
failure to exhaust administrative remedies.


**B.  Waiver of the Exhaustion Requirement**

        Defendant's Motion to Dismiss focuses on the argument
that Plaintiff has failed to exhaust his administrative remedies.
(See generally Mem. in Supp. of Mot. to Dismiss.)  Plaintiff's
Opposition, on the other hand, focuses on the reasons why
Plaintiff's alleged failure to exhaust administrative remedies,
should the Court so find, should be waived.  In response,
Defendant asserts that Plaintiff has also failed to satisfy any

of the limited exceptions to the exhaustion requirement.  (<u>See</u>
<u>generally</u> Reply.)

As discussed above, a plaintiff must obtain a "final
decision" from the SSA prior to filing an action in federal
district court.  42 U.S.C. § 405(g).  The Supreme Court has
interpreted the "final decision" requirement to include a
nonwaivable requirement that the claimant present a benefits
claim to the Commissioner as well as a waivable requirement that
the claimant fully pursue all administrative remedies prescribed
by the Commissioner.  <u>Heckler v. Ringer</u>, 466 U.S. 602, 617
(1984); <u>Eldridge</u>, 424 U.S. at 328.  It is undisputed that
Plaintiff presented a benefits claim to the Commissioner.  At
issue is the waivable requirement that Plaintiff fully pursue all
administrative remedies.

Exhaustion may be waived, either by the Secretary,
<u>Weinberger</u>, 422 U.S. at 766-67, or by the courts, <u>Eldridge</u>, 424
U.S. at 330-32.  The Secretary has not waived exhaustion;
accordingly, we must determine whether waiver by the Court is
appropriate.  Courts may waive exhaustion because "cases may
arise where a claimant's interest in having a particular issue
resolved promptly is so great that deference to the agency's
judgment is inappropriate."  <u>Id</u>. at 330.

Courts in the Ninth Circuit have recognized that a
district court will waive the exhaustion requirement if, and only

if, the claimant satisfies a three-part test: "[t]he claim at issue must be (1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that refusal to the relief sought will cause an injury which retroactive payments cannot remedy (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility)." Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987). Generally, a plaintiff is required to satisfy all three elements in order to qualify for a waiver. Kaiser v. Blue Cross of Cal., 347 F.3d 1107, 1115-16 (9th Cir. 2003) (denying waiver because despite finding collaterality, irreparability and futility were not established). Nevertheless, the Supreme Court has held that the "ultimate decision of whether to waive exhaustion should not be made solely by mechanical application of [these] factors [collaterality and irreparable harm], but should also be guided by the policies underlying the exhaustion requirement." Bowen v. City of New York, 476 U.S. 467, 484 (1986).

Stating that the Ninth Circuit Court of Appeals has recognized that administrative exhaustion may be waived in "exceptional circumstances," Plaintiff sets forth a list of circumstances which he contends are "exceptional" and warrant a waiver in the instant action. (Opp. Mem. at 2-3.) Namely, Plaintiff asserts that the following "exceptional" circumstances support a waiver of the exhaustion requirement:

-14-

(1) due to incarceration, Plaintiff cannot reasonably comply with the SSA's administrative rules on a "fair playing field"; (2) Mrs. Cooper is 77 years of age and in failing health, and requires a full-time care-giver at a cost of $2,000 per week; (3) the SSA has threatened to interrupt Mrs. Cooper's own benefits, which could result in irreparable harm to Mrs. Cooper at this stage in her life; and (4) the SSA has made several inconsistent rulings on the issue of the amount of benefits to be ultimately re-paid. Id.[4/]

Rather than directly addressing the three factors set forth in Bowen to support his assertion that waiver is appropriate, Plaintiff also presents a series of arguments that track the "Skubel factors" for exhaustion as set forth in an opinion from the U.S. District Court for the District of

_____

[4/] The Court observes that the case cited by Plaintiff for the proposition that the Court should waive exhaustion of administrative remedies due to "exceptional circumstances" is a case that does not involve the Social Security Act, but rather involves judicial review of administrative proceedings concerning the Bureau of Indian Affairs See Joint Bd. of Control of Flathead, Mission and Jocko Irr. Districts v. United States, 862 F.2d 195, 199 (9th Cir. 1988). In that case, the court concluded that the plaintiff had failed to exhaust its administrative remedies before seeking judicial review, rejecting the argument that the administrative process would have been futile. Id. at 201. Accordingly, the court affirmed dismissal of the complaint without prejudice. Id. Plaintiff also cites to Skubel v. Sullivan, a case from the United States District Court for the District of Connecticut, which is not controlling law. See 925 F. Supp. 930 (D. Conn. 1996). The Court instead focuses upon the clearly established factors that courts in the Ninth Circuit consider when determining whether waiver is appropriate.

Connecticut, which is not binding on this court. (Opp. Mem. at

3-7 (citing <u>Skubel</u>, 925 F. Supp. 930 (D. Conn. 1996)).[5/]

Defendant submits that Plaintiff has failed to establish any of

the three requirements for waiver under Ninth Circuit law.

(Reply at 4.) The Court agrees.

### 1.  Collaterality

In order for a claim to be considered "collateral," it

must not deal with the benefits being issued, but rather must be

separate or collateral from issues related to the benefits.

<u>Kildare v. Saenz</u>, 325 F.3d 1078, 1082 (9th Cir. 2003).  Plaintiff

would be required to challenge the Social Security Act's

procedures and rules, rather than the payment of benefits, in

order to establish collaterality.  <u>See, e.g.</u>, <u>United States v.</u>

---

[5/] Plaintiff submits that waiver should be granted because:
(1) the SSA "seeks to treat Mr. Cooper in contrast to" its
policy, and it is "compelling" for this Court to issue a mandate
ordering the SSA to apply with "equal protection" those benefits
that Mr. Cooper has earned and is justified in receiving (Opp.
Mem. at 4); (2) the SSA has reached inconsistent decisions in
Plaintiff's case, and requiring Mrs. Cooper to single-handedly
appeal to the SSA in light of the SSA's "restated" position that
it will interrupt Mrs. Cooper's benefits to effect repayment is
disproportionately unfair to Plaintiff and his wife (<u>id</u>. at 4-5);
(3) judicial abstention will not help or hinder the
administration of the SSA, however it will result in a failure to
protect the rights and benefits of Mrs. Cooper and cause her
"extreme distress" and "severe anguish and suffering" (<u>id.</u> at
5); (4) it is unlikely that Plaintiff will prevail in
administrative proceedings handled solely by Defendant, which has
clearly stated its position that is in "clear opposition to its
long standing policy" (<u>id.</u> at 5); and (5) "to continue the course
of administrative remedies would clearly be futile at best..." in
light of the SSA's several inconsistent rulings (<u>id.</u> at 6).

Bushman, 862 F.2d 1327, 1329 (8th Cir. 1988).  Courts in the

Ninth Circuit have found that contesting an overpayment

determination relates to the payments of benefits, and is

therefore not collateral.  See, e.g., Taverniti v. Astrue, 2008

U.S. Dist. LEXIS 120321 (D. Cal. 2008) (Plaintiff "wants the SSA

to waive the repayment of her overpayment.  Thus, she is

disputing benefits paid, and her claim is not collateral.")

Plaintiff has not presented any evidence to establish that his

claim is collateral, rather than a direct claim for benefits.

The Court concludes that the claim at issue is not collateral to

Plaintiff's substantive claim of entitlement to benefits, but

rather is inextricably tied to the substantive claim.

     2.  Irreparable Harm

     "A colorable claim of irreparable harm is one that is

not 'wholly unsubstantial, immaterial, or frivolous.'" Kildare,

325 F.3d at 1083 (citations omitted).  Moreover, economic

hardship can in some instances constitute irreparable harm:

"back payments cannot 'erase either the experience or the entire

effect of several months without food, shelter or other

necessities.'"  Id. (citations omitted).  Although Plaintiff's

arguments in support of waiver track the "Skubel factors," rather

than the three-part test that is recognized by courts in the

Ninth Circuit, he nevertheless advances numerous arguments to

support a finding of irreparable harm.  For example, Plaintiff

submits that "[i]rreparable harm will clearly accrue to Mrs. Cooper should the [SSA] be allowed to interrupt her benefits as they continue to threaten," in light of her age and failing health. (Opp. Mem. at 2-3, 7.) Plaintiff states that Mrs. Cooper is 77 years of age and requires a full time care-giver at a cost of $2,000 per week, asserting that Mrs. Cooper will suffer extreme distress, anguish and suffering if the Court does not hear this case. Id. at 2, 5.

As an initial matter, as Defendant notes, Plaintiff has not established that harm to his wife would constitute "irreparable harm" with respect to the instant action, which was commenced by Plaintiff. Nevertheless, the Court reiterates that the SSA notified Mrs. Cooper on February 17, 2012, that it would continue to issue benefits to her while the SSA responded to her request for review of a previous decision. (See Letter from H.G. Hinojosa to Marlene J. Cooper (Feb. 17, 2012), Doc. No. 10-1.) Moreover, in its July 12, 2012 letter, the SSA also stated that although it would not pay Plaintiff benefits due to his incarceration, "we can pay other members of your family if they are entitled on your record." (Letter from SSA to Curtis K Cooper (Jul. 19, 2012).) Consequently, Plaintiff has failed to establish that irreparable harm will result in the event that the Court declines to waive the exhaustion requirement, because Mrs. Cooper continues to receive benefits while the SSA reviews its

decision.  For these reasons, the Court concludes that Plaintiff
has failed to establish irreparable harm.

### 3.  Futility

The Court of Appeals for the Ninth Circuit has
recognized that "when the agency applies a 'systemwide policy'
that is 'inconsistent in critically important ways with
established regulations,' nothing is gained 'from permitting the
compilation of a detailed factual record, or from agency
expertise.'"  Johnson v. Shalala, 2 F.3d 918, 922 (9th Cir. 1993)
(citing Bowen, 476 U.S. at 484-85).  In such a situation, it is
appropriate for a district court to waive the exhaustion
requirement.  Id.  This policy is consistent with the Supreme
Court's dictate, as set forth in Bowen, that the ultimate
decision of whether to waive exhaustion should not be based upon
a rigid application of the three-factor test but rather should be
guided by the policies underlying the exhaustion requirement.
See 476 U.S. at 484.

In the instant action, Plaintiff alleges that Defendant
has clearly stated a position that is in "clear opposition to its
long standing policy," specifically addressing the SSA's
announcement to Plaintiff that he is required to repay benefits
received from the time of sentencing until the time of self
surrender, while he was under house arrest.  (Opp. Mem. at 5.)
Plaintiff also alleges that "to continue the course of

-19-

administrative remedies would clearly be futile at best..." in light of the SSA's several inconsistent rulings. (<u>Id.</u> at 6).

Defendant responds that Plaintiff has failed to identify a "systemwide policy" that the SSA has applied that is "inconsistent in critically important ways with established regulations," and instead brings this action to address the individual claims of himself and his wife, both of which can still be reviewed by means of the SSA administrative process. <u>Id.</u> at 6-7 (citing <u>Johnson</u>, 2 F.3d at 22). The Court agrees. Although Plaintiff alleges that the SSA has taken a position in opposition to its "long standing policy," Plaintiff is, in fact, referring to a single deviation from SSA's policy in his particular administrative proceeding. This argument has been previously rejected as a basis for establishing futility.[6/] Even assuming, <u>arguendo</u>, that due to inconsistent prior rulings and the SSA's choice to take a position that is contrary to longstanding policy, pursuing administrative remedies would be futile, Plaintiff nevertheless is not entitled to waiver because

---

[6/] <u>See</u> <u>Bowen</u>, 476 U.S. at 484 ("This case [wherein the court finds futility] is materially distinguishable from one in which a claimant sues in district court, alleging mere deviation from the applicable regulations in his particular administrative proceeding. In the normal course, such individual errors are fully correctable upon subsequent administrative review since the claimant on appeal will alert the agency to the alleged deviation. Because of the agency's expertise in administering its own regulations, the agency ordinarily should be given the opportunity to review application of those regulations to a particular factual context.").

he has failed to establish the other two necessary factors.

## 4. Conclusion Regarding Three-Part Test for Waiver

For the foregoing reasons, the Court concludes that
Plaintiff has failed to satisfy the three-part test, and that
granting a waiver would not serve to further the policies
underlying the exhaustion requirement. See Bowen, 476 U.S. at
484. Accordingly, the Court concludes that Plaintiff is not
eligible for waiver of the exhaustion requirement in this
district court proceeding. See Bass v. Social Sec. Admin., 872
F.2d 832, 833 (9th Cir. 1989).[7]

## 5. Waiver Based Upon Constitutional Violations

Plaintiff additionally asserts that the SSA's denial of
benefits from October 13, 2010 to January 7, 2011 constitutes a
Constitutional violation based upon denial of his Equal
Protection and Due Process rights under the Fifth Amendment.
(Opp. Mem. at 7.) This violation, Plaintiff contends, is a basis
for waiver of the administrative exhaustion requirements. Id.

---

[7] See also Haworth v. Astrue, No. EDCV 08-1192-SJO (RC),
2009 WL 1393678 (C.D. Cal. May 14, 2009) (held: district court
lacked subject matter jurisdiction over claimant's complaint
because claimant failed to exhaust available administrative
remedies regarding application for disability benefits, and
failed to meet the three-part test to establish a "good cause"
exception).

(citing <u>Air Canada v. Dep't of Transportation</u>, 148 F.3d 142 (D.C. App. 1998)).[8/] Specifically, Plaintiff alleges that the SSA has awarded benefits to other similarly situated individuals up until the date of their incarceration, whereas Plaintiff is being denied his accrued benefits. <u>Id.</u>

Defendant responds that "Plaintiff's attempt to 'transform a garden-variety administrative action into a case of constitutional magnitude' must be rejected." (Mem. in Supp. of Mot. to Dismiss, at 8-9 (citing <u>Markham v. United States</u>, 434 F.3d 1185, 1187 (9th Cir. 2005)). As an initial matter, the Court observes that Plaintiff has, in fact, been given process to appeal. The SSA has undertaken a review of its earlier decision to recoup benefits, and has alerted Mrs. Cooper that she is entitled to request a hearing once reconsideration is complete. Consequently, Plaintiff does not allege a colorable claim for deprivation of his Fifth Amendment right to due process.

The Court also observes that Plaintiff's allegations do not appear to support a colorable claim for violation of equal protection. The Due Process Clause of the Fifth Amendment to the United States Constitution, which is applicable to the federal government, incorporates the Fourteenth Amendment's right to

---

[8/] The Court observes that Plaintiff's reliance on <u>Air Canada</u> is misguided. This opinion does not address constitutional claims of violations of due process or equal protection as grounds for waiving the administrative exhaustion requirements. <u>See</u> 148 F.3d 1142.

equal protection.  <u>Bolling v. Sharpe</u>, 347 U.S. 497 (1954).  The
treatment of Fifth Amendment equal protection claims is the same
as, or largely similar to, that given to Fourteenth Amendment
equal protection claims.  <u>See</u> <u>Beller v. Middendorf</u>, 632 F.2d 788,
801 n.8 (9th Cir. 1980), <u>overruled on other grounds</u> by <u>Bowers v.</u>
<u>Hardwick</u>, 478 U.S. 186 (1986).  "Equal protection under the Fifth
Amendment guarantees no substantive rights or liberties . . . .
Rather, it entrenches a right to be free from discrimination
based on impermissible statutory classifications and other
governmental action.  Where such classification is not predicated
on membership in a suspect or quasi-suspect class, the
Constitution requires only that the classification rest on
grounds reasonably related to the achievement of any legitimate
governmental objective."  <u>Doe v. United States</u>, 419 F.3d 1058,
1062 (9th Cir. 2005) (citations omitted).

     The Court notes that Plaintiff has failed to allege
that he is a member of a suspect or quasi-suspect class, nor has
he set forth any allegations to support a finding that the
implementation of any provision of the Social Security Act
results in a certain group being treated differently based on
membership in that group in a manner that is not reasonably
related to a legitimate governmental interest.  (<u>See generally</u>
Compl.)  Moreover, even if Plaintiff is able to assert a
cognizable claim for violation of his right to equal protection,

that claim may be considered on the merits after a full record has been developed and a final administrative decision obtained through the SSA's administrative appeal process.

As stated above, the Court concludes that this action is, in essence, an individual claim for benefits, rather than challenging system-wide SSA policies or practices. For these reasons, the Court concludes that Plaintiff is not entitled to waiver of the administrative exhaustion requirements based upon alleged constitutional violations.

## C.  Request for a Stay Rather than Dismissal

Plaintiff has also requested that in the event the Court concludes that Plaintiff must exhaust his administrative remedies, thereby depriving this Court of jurisdiction, the Court stay rather than dismiss the case. (Opp. Mem. at 7.) Plaintiff contends that a stay is appropriate here because he has "good cause for his failure to exhaust, his unexhausted claims are mer[i]torious, and there is no indication that the Plaintiff engaged in intentionally dilatory litigation tactics." Id. at 7-8 (citing Elmore v. Ozmint, 661 F.3d 783 (2010)).

As an initial matter, the case upon which Plaintiff relies sets forth the standard for a stay in the context of a habeas corpus petition brought by a death row inmate. See Elmore, 661 F.3d at 846. Courts in this circuit have granted a

stay of district court proceedings based upon various grounds,
such as the existence of a parallel state action,[9] or a pending
appeal.[10]  However, Plaintiff fails to set forth any cognizable
basis for granting a stay rather than dismissing the Complaint.
For these reasons, the Court declines to grant a stay.

**D.  Dismissal without Leave to Amend**

The Court concludes that Plaintiff has failed to meet
his burden of establishing subject matter jurisdiction, requiring
dismissal of the action.  Generally, "dismissal without leave to
amend is improper unless it is clear that the complaint could not
be saved by any amendment." Harris v. Amgen, Inc., 573 F.3d 728,
737 (9th Cir.2009) (internal quotation marks omitted). "But
courts have discretion to deny leave to amend a complaint for
futility, and futility includes the inevitability of a claim's
defeat on summary judgment." Johnson v. Am. Airlines, Inc., 834
F.2d 721, 724 (9th Cir.1987) (citations and internal quotation
marks omitted).

The Court is sympathetic to Plaintiff's allegations,
specifically those concerning the SSA's alleged failure to
provide consistent information to Plaintiff.  Accordingly, in

---

[9] See, e.g., Allstate Ins. Co. v. Scott, Civ. No. 11-00036
ACK-KSC, 2012 WL 1136336 (D. Haw. Apr. 3, 2012).

[10] See, e.g., Baker v. Kealoha, Civ. No. 11-00528 ACK-KSC
(D. Haw. Jun. 19, 2012).

light of Plaintiff's pro se status, the Court dismisses
Plaintiff's Complaint with leave to amend.

This Order details the deficiencies in Plaintiff's
Complaint.[11]  Should Plaintiff desire to pursue this case
further, he is directed to consider the Order carefully in
crafting his Amended Complaint.  The Court notes that the
assistance of counsel should aid Plaintiff in correcting the
defects in the Complaint.[12]

### V.  CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's
Motion to Dismiss the Complaint, with leave to amend.  Should
Plaintiff choose to file an Amended Complaint, he is directed to
do so within 30 days of the date of this Order.

---

[11]  In the event that waiver is denied, Plaintiff also seeks
a ruling that any repayment of benefits received be deferred
until his release from federal prison, at which time his Social
Security benefits will resume.  (Opp. Mem. at 9.)  The Court
observes that Plaintiff sets forth no statutory or case law
support for this request, and the Court is not aware of any.

Plaintiff also seeks a reduction in the Court-ordered fine that
was imposed as a result of his criminal conviction, which he
alleges was determined in part based upon his Social Security
income.  The Court concludes that it is premature to address this
issue at this time because it is unknown whether or not
Plaintiff's Social Security payments will be reduced.

[12]  If Plaintiff ultimately decides to pursue this action
after he has exhausted his administrative remedies, and
determines that venue is properly laid in this district, then he
may refile with this Court and the Court will waive the filing
fee.

IT IS SO ORDERED.

DATED:  HONOLULU, HAWAII, September 5, 2012.



_____
Alan C. Kay
Sr. United States District Judge

<u>Cooper vs. Astrue</u>, Civ. No. 12-00230 ACK-BMK:  Order Granting
Defendant's Motion to Dismiss for Lack of Jurisdiction.